# Exhibit



Case 2:21-cv-03043   Document 1-1   Filed 05/27/21   Page 2 of 13 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index No.:

------------------------------------------------------------X

**SUMMONS**

JEAN GHOLSON,

Plaintiff designates Suffolk
County as the place of trial.

                                    Plaintiff,

               -against-

The basis of venue is:
Plaintiff's residence.

WALMART INC.,

Plaintiff resides at:
58 Lincoln Avenue

                                    Defendant.

------------------------------------------------------------X

Wyandanch, New York 11798

County of Suffolk

**TO THE DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Mineola, New York
      July 28, 2020

                SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C.

                JOSEPH B. VIENER
                Attorney for Plaintiff
                **JEAN GHOLSON**
                100 Herricks Road
                Mineola, New York 11501
                (516)741-5252
                **FILE #:** SSBW-TRIP&F-65775

TO:    **WALMART INC.**
       *Via Secretary of State*
       28 Liberty Street
       New York, New York 1005

       **WALMART INC.**
       85 Crooked Hill Road
       Commack, New York 11725

Case 2:21-cv-03043 Document 1-1 Filed 05/27/21 Page 3 of 13 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
JEAN GHOLSON,

                             Plaintiff,

                -against-


WALMART INC.,

                          Defendant.
-----------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P.C., complaining of the defendant above-named, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF: JEAN GHOLSON

1.     That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Suffolk and State of New York.

2.     Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

3.     Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

4.     Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., was and still is a limited liability company doing business in the State of New York.

5.     Upon information and belief, that at all the times hereinafter mentioned, on or about 6th day of June, 2020, defendant, WALMART INC., owned the premises known as Walmart

FILED: SUFFOLK COUNTY CLERK 08/04/2020 09:55 AM   INDEX NO. 609963/2020
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 08/04/2020

located at 85 Crooked Hill Road, County of Suffolk and State of New York, including the fork lift and surrounding area thereat.

6.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, operated the aforesaid premises, including the fork lift and surrounding area thereat.

7.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, maintained the aforesaid premises, including the fork lift and surrounding area thereat.

8.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, managed the aforesaid premises, including the fork lift and surrounding area thereat.

9.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, controlled the aforesaid premises, including the fork lift and surrounding area thereat.

10.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, repaired the aforesaid premises, including the fork lift and surrounding area thereat.

11.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, supervised the aforesaid premises, including the fork lift and surrounding area thereat.

12.      Upon information and belief, that at all the times hereinafter mentioned, defendant, WALMART INC., its agents, servants, and/or employees, inspected the aforesaid premises, including the fork lift and surrounding area thereat.

Case 2:21-cv-03043  Document 1-1  Filed 05/27/21  Page 5 of 13 PageID #: 9

13.     Upon information and belief that on and prior to the date of the occurrence herein, the defendant had a duty to maintain in a reasonable, safe condition the aforesaid premises; specifically the aforesaid fork lift and surrounding area thereat.

14.     That on or about the 6th day of June, 2020, plaintiff was lawfully at the aforesaid location.

15.     That at the aforesaid time and place, while this plaintiff was walking to grab a cart and exercising the degree of care for her own safety that a reasonably prudent person would have exercised under the same conditions, she was caused to trip and fall over a fork lift, and be violently precipitated to the ground, and was caused to sustain severe personal injuries as a result of the negligence of the defendant.

16.     That the occurrence herein resulted from the carelessness, recklessness and negligence of the defendant, its agents, servants, and/or employees, in the ownership, operation, maintenance, management, repair, inspection, supervision and control of the aforesaid area; in allowing the fork lift to remain in a dangerous, defective condition so that plaintiff and others were put in a position of danger; in failing to maintain the said area in a safe condition for those lawfully using the same; in causing, permitting, and allowing the said area to become dangerous, and unsafe for use; in failing to correct or remove the said dangerous and unsafe condition; in failing to warn the plaintiff with respect to the said dangerous and hazardous condition, constituting a trap, nuisance and hazard; in failing to have warning signs present to warn plaintiff of the fork lift; in failing to erect barricades, or otherwise restrict use of aforesaid area to prevent a hazard, trap and nuisance from endangering the general public and, more particularly, the plaintiff herein; all as a result of which the plaintiff was caused to be and was injured.

FILED: SUFFOLK COUNTY CLERK 08/04/2020 09:55 AM
NYSCEF DOC. NO. 1

INDEX NO. 609963/2020
RECEIVED NYSCEF: 08/04/2020

17.     That prior to the aforementioned occurrence, defendant knew or should have known of the aforementioned dangerous and defective condition.

18.     That by reason of the premises aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and her injuries, upon information and belief, are of a permanent nature. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medical care, attention, and treatment and she is informed and she verily believes that she will in the future be obliged to incur further expense and obligations for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in an amount which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff demands judgment against the defendant for an amount which exceeds the jurisdictional limits of all lower Courts; and for the costs and disbursements incurred herein, and such other, further and different relief as the Court deems just and proper.

Dated: Mineola, New York
July 28, 2020

Yours, etc.,

SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C.

JOSEPH B. VIENER
Attorney for Plaintiff
**JEAN GHOLSON**
100 Herricks Road
Mineola, New York 11501
(516)741-5252
**FILE #:** SSBW-TRIP&F-65775

FILED: SUFFOLK COUNTY CLERK 08/04/2020 09:55 AM
INDEX NO. 609963/2020

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/04/2020

## ATTORNEY'S VERIFICATION

**JOSEPH B. VIENER**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C., attorneys of record for Plaintiff, **JEAN GHOLSON**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Mineola, New York
July 28, 2020

_____
**JOSEPH B. VIENER**

Case 2:21-cv-03043   Document 1-1   Filed 05/27/21   Page 8 of 13 PageID #: 12

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

JEAN GHOLSON,

Plaintiff,

-against-

WALMART INC.,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**SANDERS, SANDERS, BLOCK, WOYCIK,**
**VIENER & GROSSMAN, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
**100 Herricks Road**
**Mineola, New York 11501**
**Bus. (516) 741-5252**
**Fax (516) 741-0799**

TO:

*PLEASE TAKE NOTICE*

        that the within is a *(certified)* true copy of a
        duly entered in the office of the clerk of the within named court on

NOTICE OF ENTRY

        that an Order of which the within is a true copy will be presented
        for settlement to the Hon.              one of the
        judges of the within named court, at      on
        at                 a.m.

    NOTICE OF
    SETTLEMENT

## ATTORNEY CERTIFICATION PURSUANT TO 22 NYCRR 130-1.1A

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:

        Yours, etc.,

        **SANDERS, SANDERS, BLOCK, WOYCIK,**
        **VIENER & GROSSMAN, P.C.**
        *Attorneys for Plaintiff*
        *Office and Post Office Address, Telephone*
        **100 Herricks Road**
        **Mineola, New York 11501**
        **(516) 741-5252**

WM 20-351 AB
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

----------------------------------------------------------------X

JEAN GHOLSON,                                    **Index No.: 609963/2020**

              Plaintiff,

   -against-                                       **VERIFIED ANSWER**

WALMART STORES EAST, LP,

              Defendant.

----------------------------------------------------------------X

       The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY

O'CONNOR & O'CONNOR, answering the Verified Complaint herein states upon information

and belief:

### AS TO THE FIRST CAUSE OF ACTION

       1: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraph marked "1" and each and every part thereof.

       2: Defendant denies the allegations set forth in paragraphs marked "2" and

"3" and each and every part thereof.

       3: Defendant denies the allegations set forth in paragraph marked "4" except

admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to

do and doing business in the State of New York.

       4: Defendant denies the allegations set forth in paragraph marked "5" and

each and every part thereof.

       5: Defendant denies having knowledge or information sufficient to form a

belief as to the allegations set forth in paragraphs marked "6", "7", "8", "9", "10", "11" and

"12" except admits that WAL-MART STORES EAST, LP is the operator of the Walmart store located at 85 Crooked Hill Road, Commack, New York.

6: Defendant denies the allegation set forth in paragraph marked "13" and refers all questions of law to the trial court.

7: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "14" and each and every part thereof.

8: Defendant denies the allegations set forth in paragraphs marked "15" and "16" and each and every part thereof.

9: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "17" and "18" and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11: In the event that plaintiff recovers judgment against this answering

defendant and it is determined that plaintiff's damages was caused in whole or in part by two

or more joint tortfeasors, then defendant's liability herein for non-economic loss may not

exceed its equitable share of said damages in accordance with its relative culpability, as

provided by Section 1601 of the CPLR.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12: Plaintiff's recovery, if any shall be reduced by the amount of any

collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment

dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       August 27, 2020

Yours, etc.

BRODY O'CONNOR & O'CONNOR
Attorneys for Defendant


By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York  11768
(631) 261-7778
File No.: WM 20-351 AB


TO:   SANDERS, SANDERS, BLOCK,
      WOYCIK, VIENER & GROSSMAN P.C.
      Attorneys for Plaintiff
      100 Herricks Road
      Mineola, New York  11501
      (516) 741-5252
      File No.:  SSBW-TRIP&F-65775

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The ground of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences has with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
     August 27, 2020

_____
PATRICIA A. O'CONNOR